```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

James T. Burke,                  :
    Petitioner,          :
                                       :
   v.                           :        File No. 1:08-CV-157
                                       :
State of Vermont,                :
    Respondent.          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1, 12, 13, 14 and 19)

Petitioner James Burke, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Burke was convicted in 2006 of contributing to the delinquency of a minor and furnishing alcohol to a minor. He now argues that he was denied a fair trial because: (1) the trial judge made inappropriate comments to the jury; (2) the court allowed the victim to testify to facts that were not relevant; (3) the police committed a Brady violation by failing to produce ceratin evidence; and (4) the judicial system is generally corrupt. For the reason set forth below, I recommend that the petition be DISMISSED.

## Factual Background

Burke was charged in 2003 with contributing to the delinquency of a minor, furnishing alcohol to a minor, and disseminating indecent materials to a minor. As described by the Vermont Supreme Court on direct appeal, "[t]he charges

were based on a sixteen-year-old girl's allegations that defendant, who was a boarder at her mother's home, invited her into his room, gave her an alcoholic drink, smoked marijuana with her, and then showed her computer images of older men having sex with teenaged girls." State v. Burke, 2008 WL 2781428, at *1 (Vt. May Term 2008). Prior to trial, the State dismissed the charges of disseminating indecent materials, "apparently because it was unable to locate the hard drive on defendant's computer." Id.

At trial, the complainant testified that

> (1) defendant asked her to come into his room so that he could show her something; (2) when she asked for something to drink, he gave her a bottle of orange juice with vodka in it; (3) he offered and she agreed to smoke marijuana with him; (4) at one point, he turned on the computer, revealing images of older men having sex with teenage girls; (5) defendant began rubbing his private area and making noises; (6) when he touched her leg, she asked him to drive her home, which he did; and (7) on the way home, he told her that he dated teenaged girls because they generally do not have any money and he can treat them.

Id. The jury found Burke guilty on the two pending charges.

In his direct appeal, Burke presented two arguments. First, he claimed that the trial judge made prejudicial remarks to the jury. This claim arose, in part, out of the fact that Burke chose to represent himself at trial. On appeal, he argued that the judge repeatedly interrupted his

2

questioning and suggested that he was not competent to represent himself. (Paper 7-3 at 20-21). The Vermont Supreme Court found that Burke had "failed to show how these interruptions caused him any prejudice," and were "understandable in light of defendant's repeated and blatant disregard for the court's specific ruling regarding the limits of his cross-examination." Burke, 2008 WL 2781428, at *2.

Burke's second argument was that the trial court should not have allowed the complainant to testify about uncharged conduct. Specifically, he claimed it was prejudicial error to allow the complainant to testify about his alleged sexual advances toward her. The Vermont Supreme Court upheld the lower court's ruling, finding that "Defendant's overall conduct suggested a motive and a plan that involved the charged offenses. While motive and plan are not elements of the crime to be proved, they are relevant." Id. (citing Vt. R. Evid. 404(b)).

Burke now presents four arguments in his § 2254 petition, the first two of which are the arguments he presented in his direct appeal. His third claim is that police investigated the use of his credit card, but failed to disclose that he never used the card to access a pornographic website. (Paper

1 at 8 (citing Paper 7-4 at 34)). Burke's final argument is that the judicial system is corrupt and that his rights have proven to be nothing more than a "phoney sham." Id. at 9.

## Standard of Review

To determine whether a petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

"Clearly established Federal law" is comprised of "'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" Green v. Travis, 414 F.3d 288, 296 (2d Cir. 2005)

(quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts."  Williams, 529 U.S. at 413; see also Earley v. Murray, 451 F.3d 71, 74 (2d Cir. 2006).  A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case."  Williams, 529 U.S. at 413; see also Earley, 451 F.3d at 74.

The AEDPA standard of review is deferential to the reasoning provided in state court decisions.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Gilchrist v. O'Keefe, 260 F.3d 87, 93 (2d Cir. 2001) (quoting Williams, 529 U.S. at 411).  The

Second Circuit added that, while "some increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Gilchrist, 260 F.3d at 93 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000)). State court factual determinations receive a presumption of correctness if they are "fairly supported by the record." Williams v. Bartlett, 44 F.3d 95, 99 (2d Cir. 1994) (citing 28 U.S.C. § 2254(d)(8)).

## Discussion

I. Comments By The Trial Judge

Burke's first argument is that the trial judge's comments in front of the jury denied him his constitutional right of self-representation and right to a fair trial. It is plain from the record that, on more than one occasion, the trial court interrupted Burke's questioning in an effort to limit him to relevant issues. As a result of these interruptions, the court felt it necessary to offer apologies and explanations to the jury, including the following statement on the first day of trial: "You know, folks, I'm sorry, Mr. Burke is representing himself as he's entitled to, but he's not

aware of the rules of evidence, he is not a rule -- . . . He is not aware of what is relevant and is not relevant." (Paper 7-3 at 20, citing Trial Tr. 1 at 133). Later the same day, the court told the jury:

> Mr. Burke is, of course, representing himself, he's not trained in the law. He has his own ideas about what's relevant in this case, but for better or for worse, the Judge is the one that makes the decision about relevance of, of testimony and the admissibility of evidence and I've gone over these items with Mr. Burke a number of times and he doesn't seem to want [to] follow my instructions on this. So, I'm hoping now we won't have any further difficulty.

Id. (citing Trial Tr. 1 at 136-37). Burke contends that the court was "in essence" telling the jury that he "was not competent to represent himself." Id.

Burke also complains that the judge improperly commented on the evidence. One such comment asked the jury not to infer a factual basis from some of Burke's questions. "In this case, Mr. Burke asked many questions for which there is no factual -- for which there was no factual or legal bases [sic]. I disallowed most or all of those questions. You must not infer that there was a factual basis for any question that I disallowed." Id. at 21 (citing Trial Tr. 2 at 292). Although he does not provide or cite to other examples, Burke claims that the court "repeatedly commented on the evidence,"

7

thereby invading "the province of the jury."  Id.

The Vermont Supreme Court found

> no reversible error, if any error at all.  The
> court's interruptions were necessary to prevent
> defendant from cross-examining witnesses on subjects
> that the court had already ruled were off limits.
> Moreover, for the most part, the court's statements
> to the jury were intended merely to explain and
> apologize for the repeated interruptions.  Defendant
> fails to show how these interruptions caused him any
> prejudice.

Burke, 2008 WL 2781428, at *2.

The federal constitutional principle identified by Burke in his direct appeal, and by reference here, is his right to self-representation.  Specifically, he cites McKaskle v. Wiggins, 465 U.S. 168, 174 (1984) for the proposition that a "*pro se* defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial."  He also cites Vermont and U.S. Supreme Court precedent warning of potential problems when judges comment on the evidence.  (Paper 7-3 at 19).

Burke is not arguing that he was barred from raising certain subjects at trial.  Burke, 2008 WL 2781428, at *2 n.*.  Rather, he contests the manner in which the court

characterized his efforts and his evidence. The Vermont Supreme Court found no reversible error, and the question currently before this Court is whether the appellate court's conclusion violated the standard under 28 U.S.C. § 2254. Cf. Wade v. Mantello, 333 F.3d 51, 58 (2d Cir. 2003) ("dispositive" issue under § 2254 was whether state appellate court properly upheld trial court's ruling on evidentiary issue).

"A defendant has a right to present exculpatory evidence to aid his defense and to confront witnesses brought against him." See Crane v. Kentucky, 476 U.S. 683, 690 (1986). That evidence, however, is subject to "reasonable restrictions." United States v. Scheffer, 523 U.S. 303, 308 (1998). Those restrictions include state and federal rules of procedure and evidence "designed to assure both fairness and reliability in the ascertainment of guilt and innocence." Chambers v. Mississippi, 410 U.S. 284, 302 (1973); see also Taylor v. Illinois, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.").

Here, the record indicates that the trial judge limited

9

Burke's questioning based upon concerns of relevance. The rulings were "'ordinary evidentiary rulings by [a] state trial courts[]'" concerning the admissibility of evidence, upon which the Supreme Court is "'traditionally reluctan[t] to impose constitutional constraints.'" Wade, 333 F.3d at 60 (quoting Crane v. Kentucky, 476 U.S. 683, 689 (1986)). Similarly, the trial court instructed the jury not to infer facts from questions that were barred. The Vermont Supreme Court found that the trial court's statements were "necessary" and "understandable," and that Burke had failed to show prejudice arising out of such statements. Burke, 2008 WL 2781428, at *2 n.*.

The rulings by the Vermont courts were not contrary to clearly established federal law. While Burke complains that the trial court interfered with his presentation, federal law does not require that he be allowed to proceed "unfettered" by evidentiary and procedural rules. Taylor, 484 U.S. at 410. The rulings in this case were deemed appropriate on appeal, and the record does not support a finding that the Vermont Supreme Court's conclusion was unreasonable.

Also, in finding a lack of prejudice, the Vermont Supreme Court inherently concluded that the trial court had provided

10

Burke with a fair trial. Although the state courts did not identify this federal constitutional principle by name, the requirement of a fair trial was sufficiently safeguarded, and there is no indication that federal law was either violated or unreasonably applied in this case. Burke's petition for habeas corpus relief based upon the trial court's statements before the jury should, therefore, be DISMISSED.

II. <u>Scope Of The Complainant's Testimony</u>

Burke next argues that it was prejudicial error for the trial court to allow testimony from the complainant about events that were "no longer the subject of the prosecution." (Paper 7-3 at 21). The evidence complained of was testimony about Burke's sexual advances and other related conduct. As counsel argued in Burke's appellate brief,

> [The complainant's] testimony about Mr. Burke's alleged computer use, the pornographic website showing older men having sex with young girls, and Mr. Burke groaning while rubbing his groin area, and the conversation had on the ride home to her father's house was not probative of whether Mr. Burke provided [complainant] . . . marijuana to smoke or whether he gave her orange juice that had vodka in it.

(Paper 7-3 at 24).

Burke brought his challenge under Vermont Rule of Evidence 404(b), which governs the admissibility of "other crimes, wrongs or acts." Vt. R. Evid. 404(b). Under this Rule, such

11

evidence is only admissible if used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. The Vermont Supreme Court found that "[d]efendant's sexual advances via the displaying of pornographic images and other acts were part of a single, continuous episode of conduct alleged by the complainant," and "suggested a motive and a plan that involved the charged offenses." Burke, 2008 WL 2781428, at *2. Because Burke's argument rested upon a Vermont evidentiary rule and Vermont case law, the Vermont Supreme Court relied solely upon its own precedent in deciding this issue. Burke, 2008 WL 2781428, at *2-*3.

As noted above, federal habeas courts are reluctant to overturn state court evidentiary rulings. See Crane, 476 U.S. at 689-90 ("[T]he Constitution leaves to the judges who must make these decisions 'wide latitude' to exclude evidence that is 'repetitive . . . , only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'") (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). Furthermore, it is well established that a federal court is limited on habeas review to a determination of whether a challenged trial court ruling involves an error of

constitutional magnitude.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("'[F]ederal habeas corpus relief does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 779, reh'g denied, 497 U.S. 1050 (1990)). Accordingly, even erroneous evidentiary rulings do not automatically rise to the level of a constitutional violation susceptible to habeas relief. See Rosario v. Kuhlman, 839 F.2d 918, 925 (2d Cir. 1987); see also Roberts v. Scully, 875 F. Supp. 182, 189 (S.D.N.Y. 1995) ("In general, rulings by the state trial court on evidentiary questions are a matter of state law and pose no constitutional issue.").  Rather, a petitioner seeking habeas relief based on an allegedly erroneous evidentiary ruling must establish that the trial court's error deprived him of a constitutionally recognized right, such as the right to a fundamentally fair trial.  See Rosario, 839 F.2d at 924-25; Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983).

Habeas relief can be granted only if improperly admitted evidence is so unfair that it violates fundamental concepts of justice.  See, e.g., Dowling v. United States, 493 U.S. 342, 352 (1990).  To reach this high threshold, the erroneous evidence must have provided the basis for conviction, or else

the evidence must be so integral that without it, reasonable doubt would have existed.  See Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998).  Even if a constitutional violation is established, habeas relief is warranted only where the petitioner demonstrates that the evidentiary error had a "'substantial and injurious effect or influence in determining the jury's verdict.'"  Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)); see also Coleman v. Squilliante, 2008 WL 4452351, at *9 (S.D.N.Y. Oct. 2, 2008) (citing Brecht for the "substantial and injurious" standard); Butler v. Graham, 2008 WL 2388740, at *6 (S.D.N.Y. June 12, 2008) (same).

Here, there was no constitutional violation.  First, the state courts did not violate Burke's rights when they allowed testimony about his behavior generally.  His actions were, as the Vermont Supreme Court noted, part of a "single, continuous episode that formed the basis for the charged offense." Burke, 2008 WL 2781428, at *3.  Second, even if the testimony was wrongly admitted, it was not so integral to the charged offenses as to call into question the jury's verdict.  Indeed, Burke's appellate brief conceded that there was other evidence, such as an open bottle of vodka, a container of

14

orange juice and a glass pipe, to support the complainant's allegations.  (Paper 7-3 at 25).  Finally, Burke has failed to show that the admission of this testimony had a substantial and injurious effect.  Habeas corpus relief on this claim should, therefore, be DENIED.

III.  *Brady* Violation

Burke's next claim is that police withheld evidence pertaining to the use of his credit card.  He argues that, had the police disclosed this evidence, it would have shown that he never used it to access a pornographic website.  The failure to disclose, he contends, violated his rights as set forth in Brady v. Maryland, 373 U.S. 83, 87 (1963).

The respondent contends that this claim was never raised before the Vermont Supreme Court, is thus unexhausted, and is procedurally defaulted.  Burke's petition references a Brady argument set forth in a *pro se* pre-trial motion.  (Paper 1 at 8) (incorporating Paper 7-4 at 34).  The issue was not raised in his appellate brief.  The respondent informs the Court, however, that Burke raised the issue in a motion for re-argument before the Vermont Supreme Court.  (Paper 13 at 21). The Vermont Supreme Court reportedly denied the motion because it "fail[ed] to identify points of law or fact overlooked or

15

misapprehended by the Court." Id. Regardless of whether the issue was exhausted, the Court may dispose of it here due to its lack of merit. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the state court."); Rhines v. Weber, 544 U.S. 269, 277 (2005) (court may review unexhausted claims and deny them on the merits if they are "plainly meritless").

A Brady violation has three components: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." See Stickler v. Greene, 527 U.S. 263, 281-82 (1999). The alleged violation does not meet any of these three criteria. Burke claims that the police failed to turn over his credit card history. However, at trial, testimony from the officer in question established that the police never ran the credit card check. The first direct question on the issue came from the court itself: "Did you ever check this defendant's credit card charges?" The officer responded, "No, I did not, Your Honor."

16

(Paper 7-13 at 29). Shortly thereafter, Burke himself asked the question in a more accusatory fashion: "How come you did not turn the evidence of my credit card's history of purchases over to the defense?" Consistent with his prior answer, the officer responded: "I didn't have it to produce, I never ran the history." Id. at 30.

Even if the police had run the card's history and failed to produce the results, the evidence would not have been exculpatory. As the trial judge noted, "[t]his is a collateral matter, as far as I'm concerned. You're not charged with anything involving the computer or anything that came up on the computer . . . ." Id. at 31. Because the evidence in question was not exculpatory, was not suppressed, and absent any showing of prejudice, the Court should find that Burke's Brady claim is plainly meritless.

IV. Federal Rights Are A "Phoney Sham"

Burke's last ground for relief is entitled "Phoney alleged Amirican [sic] rights of the petitioner." (Paper 1 at 9). For supporting facts, he asserts: "It has been prooven [sic] to petitioner that his state and federal rights are nothing more than a phoney sham and a joke of corruption a tax payer rip off by a corrupt judicial system that is failing with its

17

host country." Id. Burke provides no factual or legal support for this claim. If he presumes that his other three claims are support for this fourth claim, his presumption is misplaced. Consequently, no habeas corpus relief is due on this claim.

## Conclusion

For the reasons set forth above, I recommend that the respondent's opposition paper (Paper 13) be GRANTED, and Burke's petition for a writ of habeas corpus (Paper 1) be DISMISSED. Burke's motion to amend case law into his petition (Paper 19) is GRANTED, while his motions for a court order (Paper 12) and for an order directing the respondent to answer the petition (Paper 14) are DENIED as moot.

Dated at Burlington, in the District of Vermont, this 11th day of May, 2009.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).